## BONNY & BAKER *vs.* BRASHEAR.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF ST. MARY, THE JUDGE OF THE DISTRICT PRESIDING.

The obligation entered into by the principal and his surety, is not a joint one; but on the contrary, each one is bound towards the creditors for the whole, although as between themselves, the entire is due by the principal, and can be recovered of him by the surety who pays.

A surety may be sued without his principal.

Where the curator fails to comply with his duties, and pay over money, any creditor of the estate may at once resort to his action on the curator's bond against the surety.

So where an estate is shown to be solvent, a creditor may sue the curator or his surety, on their bond, for the whole amount of the claim, without waiting for a distribution, when there is delay, or for other creditors to come in.

This is an action against the defendant as surety in a curator's bond. The plaintiffs allege, the late Wm. S. Barr was indebted to them $604, for the amount of his promissory note, executed and payable the 31st March, 1832, with 5 per cent. per annum interest thereon until paid. That Barr died soon afterwards, and R. B. Brashear was appointed curator of his vacant estate, and gave bond for its faithful administration, with the defendant as security. They allege, that he has not faithfully administered said estate, or paid over the monies thereof; and that he has collected funds and failed to pay their debt, except about $180, paid in 1833; and that both the curator and his surety are liable. They pray judgment against

the defendant, as surety in said bond, for the balance due them.

The defendant pleaded a peremptory exception; that the action could not be maintained until the estate was definitively settled; and that the Court of Probates alone could settle the same.

The defendant denied any mal-administration or forfeiture of the bond; and averred there would be funds sufficient to pay the plaintiffs' demand, when the estate was definitively settled.

The plaintiffs had judgment for $251 31, with interest; and the defendant appealed.

*Splane*, for the plaintiffs.

*Dwight*, for the defendant and appellant, assigned as error; that the obligation sued on was *joint*, and all the co-obligors are not made parties to the suit.

*Morphy*, J. delivered the opinion of the court.

This action is brought against the defendant as surety on a bond, given by Robert B. Brashear, as curator of the vacant estate of Wm. S. Barr, bearing date the 30th of June, 1834. The plaintiffs, who seek to recover the amount of their claim against the succession, allege, that the said Robert B. Brashear has badly administered the said estate, and has paid to the creditors only a small portion of their claims; that the same was solvent, and six or seven thousand dollars would have been remaining after the payment of all the debts, had it been properly managed; that the curator has converted to his own use or otherwise improperly applied about twelve or fourteen thousand dollars, belonging to the estate, to the prejudice of the creditors; that the curator is now unable to pay the debts of the estate, in consequence of which the defendant, his surety, is legally bound to pay the same, and that the time allowed by law for the settlement of the estate has long since expired. The defendant alleges, that the plaintiffs cannot maintain the

present action, because they cannot have any recourse against him as the surety of the curator, until the estate is finally settled, and a definitive tableau of distribution filed ; that the plaintiffs have no right of action, until the estate be settled contradictorily with the curator, in order to ascertain the situa- tion of the same, and that it was the duty of plaintiffs, before bringing their action, to cause a liquidation of the estate to be made before the Court of Probates, as the District Court has no power to order one. He further denies the allegations in the petition, and avers, that the estate is fully sufficient to pay the debts, and that the curator has not been guilty of mal- administration, as charged by the plaintiffs. There was a judgment below against defendant for the sum of two hundred and fifty-one dollars, and thirty-one cents, with five per cent. interest thereon, from the first day of June, 1832, until paid. The defendant appealed. In this court he has assigned as an error, apparent on the face of the record, that the obligation sued on is joint, and that all the obligors have not been made parties to this suit.

It is clear, that the obligation entered into by a principal and his surety, is not a joint obligation; they are not bound, like joint obligors, for a proportion of the debt; on the contrary, each is bound towards the creditor for the whole, but between themselves the entire debt is due by the principal, and can be recovered of him by the surety, if upon being sued he is com- pelled to pay it. La. Code, 2081, 3021. It has long since been settled, that a surety can be sued without his principal. 3 Martin, N. S., 574 ; 6 Idem, 395.

*The obligation entered into by the principal and his surety, is not a joint one; but on the contrary, each one is bound to- wards the creditor for the whole, although as between themselves the entire is due by the principal, and can be re- covered of him by the surety who pays.*

*A surety may be sued without his principal.*

On the merits it appears, that in 1832 Robert B. Brashear was appointed curator to the estate of the late Wm. S. Barr; that the estate amounted to $22,397 77 ; that he administered on the same during two years, and in June, 1834, having ob- tained a further prolongation of the curatorship, he subscribed with defendant the bond now put in suit. The condition of this bond is, that the curator shall " well and truly administer upon the estate, and faithfully execute and perform the duties

required of him by law, and shall account for and pay over all such sum or sums, as shall come into his hands, &c." From the time he was continued in his trust, it is not shown, that he has complied with any of his duties as curator. The condition of his bond is therefore broken, and the surety is liable unto the creditors or other persons injured by such neglect of duty. The latter are not bound to sue the curator before the Court of Probates, but may resort at once to their action on the bond ; 5 Martin, 631 ; 11 La. Rep., 330. It is said, that there is error in the amount. which defendant is decreed to pay ; that from the evidence it will appear, that after deducting from the amount of the inventory the dividends already declared by the curator, and the notes and property which he surrendered up to F. J. Birdsall, his successor in office, there remains only a sum of $4126 87 unaccounted for ; that the defendant should be decreed to pay to plaintiff only such a proportion of this fund as would have been accruing to him, had a distribution of it been made among all the creditors of the estate ; that if defendant is decreed to pay to each creditor, who sues him on his bond, the whole balance of his debt against the estate, he will be made to pay an amount much larger than the aforesaid sum of $4126 87, for which alone the curator himself is responsible.

*Where the curator fails to comply with his duties, and pay over money, any creditor of the estate may at once resort to his action on the curator's bond against the surety.*

In no event can the defendant be held liable for more than the balance, whatever it may be, which is yet unaccounted for by his principal ; but it is by no means so clear, that he can insist on making a distribution of it among creditors who have not thought proper to hold him responsible on his bond. If the estate had been insolvent, it might have been a question of some difficulty and doubt ; but in the present case, the succession being admitted on all hands to be fully sufficient to pay its debts, no injury can result to the other creditors, by decreeing defendant to pay to the extent of his liability the claims of those creditors, who may sue him on his bond ; leaving the other creditors to seek their payment out of the funds in the hands of the new curator, or on the bond by him given, to secure his faithful administration. It appears to us, that the

*So where an estate is shown to be solvent, a creditor may sue the curator or his surety, on their bond, for the whole amount of the claim, without waiting for a distribution, when there is delay, or for other creditors to come in.*

WESTERN DIS..
September,1841..

proper course to be pursued, when a new curator is appointed to an estate, is for him to compel his predecessor to account to him for his administration, and to pay over and deliver to him all the funds and effects, which may have remained in his hands. This not having been done, and the plaintiff having exercised his individual right of suing on the bond, we cannot withhold from him the indemnity, which it was intended to secure to him in case the curator failed to comply with its conditions.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.